UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TOMMY EARL JONES<br>Plaintiff, | ]<br>]<br>] |
| v. | ]   No. 3:09-1037<br>]   JUDGE HAYNES |
| TOM WALL, et al.<br>Defendants. | ]<br>] |

**M E M O R A N D U M**

Plaintiff, Tommy Earl Jones, an inmate at the Dickson County Jail in Charlotte, Tennessee, filed this *pre se* action under 42 U.S.C. § 1983 against the Defendants: Tom Wall, Sheriff of Dickson County; and four members of the staff at the Dickson County Jail.

Plaintiff alleges that he suffers from Crohn's Disease[1] and after his arrest, Plaintiff was taken to Nashville to see his private physician. Plaintiff's doctor allegedly told the Plaintiff that he would need surgery and gave him a prescription. The prescription was filled, but the Plaintiff was not returned to Nashville for two follow-up appointments.

Plaintiff, however, was taken to Horizon Medical Center in Dickson, Tennessee. After consulting with Plaintiff's doctor, the Plaintiff underwent a cat scan. Plaintiff's physician was informed

---

[1] Crohn's Disease is an inflammatory disease of the intestines.

of the results of the cat scan and prescribed prednisone for the Plaintiff's condition and Plaintiff alleges that the staff at the Dickson County Jail "refuse to get proper medical attention to me."

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, (1976). When a prisoner has received some medical attention and challenges the adequacy of the care provided, Plaintiff's claims arise under state law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000).

Here, the Plaintiff was treated by the doctor at the jail and his private physician was consulted about Plaintiff's condition. Plaintiff had a scan and was prescribed medication for his medical condition. These factual allegations do not reflect deliberate indifference to Plaintiff's medical condition.

Absent a violation of federal law, the Plaintiff fails to state a claim upon which relief can be granted. Under such circumstances, the Plaintiff's complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

**ENTERED** this the 3rd day of November, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge